# Richmond

## HALL'S BAKERY (EMPLOYER), ETC. v. PAUL MARION KENDRICK.

November 25, 1940.

Record No. 2329.

Present, Campbell, C. J., and Holt, Hudgins, Gregory,
Eggleston and Spratley, JJ.

The opinion states the case.

*S. L. Sinnott* and *V. P. Randolph, Jr.,* for the appellants.

*Vivian L. Page,* for the appellee.

GREGORY, J., delivered the opinion of the court.

The opinion of Commissioner Nickels, which was made the opinion of the Commission, so thoroughly disposes of the questions of fact and law in this case that we adopt it as the conclusion of the court. It is as follows:

"The average weekly wage was reported as $35.00 and was not controverted. Furthermore, no issue was made of the fact that the claimant maintained an office within his apartment upon the authority of an agent of the employer. The issue relates to an accident as defined by Section 2(d) [Code 1936, section 1887(2) (d)] and causal connection between the same and a thrombophlebitis in the right leg.

"The facts proven show that on August 3, 1939, the claimant prepared at his desk within his apartment certain reports and correspondence which were too voluminous for

the conventional type envelope ordinarily used. He opened the door to a nearby closet where he had stored miscellaneous supplies to search for large sized business envelopes suitable for his needs. In searching for the envelope he assumed a squatting position from ten to fifteen minutes duration. He described the position assumed as being analogous to that of a baseball catcher with the thighs flexed upon the calf of each leg. While in this position, he felt a dull aching pain in the back of the right knee. Upon arising both legs felt stiff. He proceeded with his usual work for several days till the pain became so severe in the right leg that he called upon a physician, the morning of August 7th. A tentative diagnosis of thrombophlebitis was made. He was treated by this physician from August 7th to August 25th. On the latter date he was carried to a hospital where he remained till March 6, 1940. It was admitted by the claimant that he would be able to resume work April 1st.

"The facts show the claimant to be a division Sales Manager for the employer and that he was unaccustomed to stooping in the discharge of his duties in this capacity. The medical evidence is wholly negative for any pathological condition causing the phlebitis from the standpoint of a disease as an independent cause therefor. Hence, as a starting point, the first question for determination is focused about an accident.

"The facts proven show the position occupied by the claimant to have been an unusual one for the character of work done by him in the performance of his usual duties.

"The next question of fact for determination relates to a causal connection between the unusual stooping position and the simultaneous appearance of the phlebitis. In this regard there being no diseased condition proven as a cause, the medical evidence shows by a preponderance thereof that trauma is a factor in accelerating or aggravating a predisposing background. It is evident from the facts proven that the stooping position blocked the venous circulation of the right saphenous vein, which was followed by the phlebitis. The question whether the phlebitis was followed by a

high or low grade infection is not a matter of great importance, because this relates more to the probable length of the disability than to the producing cause for the infection, regardless of its nature. The facts proven support the inference that the squatting position occupied by the claimant in searching for the envelope traumatized the right saphenous vein, thereby causing the phlebitis. There being no independent intervening cause, nor other probable cause, this inference is the only one compatible with a preponderance of the evidence.

"The facts proven in the instant case show that the circumstances under which the phlebitis developed were limited in time to a period approximating from ten to fifteen minutes, that the stooping position was one to which the claimant was unaccustomed in the performance of his usual duties and in the particular instance constituted a hazard of his employment. In the case of *Big Jack Overall Company* v. *Bray*, 161 Va. 446 [171 S. E. 686], the term 'accident' was defined as follows: 'The definition of accident generally assented to is an event happening without any human agency, or, if happening through human agency, an event which, under the circumstances, is unusual and not expected by the person to whom it happens. Where the effect was not the natural and probable consequence of the means employed, and was not intended or designed, the injury resulting was produced by accidental means.'

"In the case of *Indian Creek Coal & Mining Co*. v. *Calvert*, 68 Ind. App. 474, 119 N. E. 519 [524], 120 N. E. 709, it was held: 'It is no longer required that the causes external to the plaintiff himself, which contribute to bring about the injury, shall be in any way unusual; it is enough that the causes, themselves known and usual, should produce a result which on a particular occasion is neither designed nor expected. The test as to whether an injury is unexpected and so, if received on a single occasion, occurs "by accident" is that the sufferer did not intend or expect that injury would on that particular occasion result from what he was doing.'

"In regard to the question of causal connection between the accident and the resulting physical disability produced by the phlebitis, reference is here made to the case of *Money* v. *Meade Hammond Kendrick, etc.*, 21 O. I. C. 56 and 431 [*Liberty Mut. Ins. Co.* v. *Money*], 174 Va. 50 [4 S. E. (2d) 739], wherein it was held: 'The general rule, deductible from these and other authorities, is that causal connection is established when it is shown that an employee has received a compensable injury which materially aggravates or accelerates a pre-existing latent disease which becomes the direct and immediate cause of death. Schneider's Workmen's Compensation Law, 2d Ed., section 138, and cases cited in footnote. Note 20 A. L. R. 66.'

"It is found as a fact the claimant sustained an accident which arose out of and in the course of his employment, resulting in phlebitis producing a disability from August 7th to April 1st, 1940. An award shall enter in claimant's behalf for compensation for the above period at the rate of $16.00 per week, payable in one sum upon receipt hereof; also for the medical and hospital attention pursuant to the provisions of Section 26 of the Workmen's Compensation Act [Code 1936, section 1887 (26)]. * * * "

The award should be affirmed.

*Affirmed.*